IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CURTIS R. SPIVEY, JR., | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14-cv-00098 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By:   Hon. Michael F. Urbanski |
|     Defendant. | ) |        United States District Judge |

Curtis R. Spivey, Jr., an inmate proceeding pro se, filed a civil action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2402, 2671-80, alleging that he was falsely imprisoned by the federal Bureau of Prisons ("BOP"). The United States filed a motion to dismiss for lack of subject matter jurisdiction, and Spivey has responded, making this matter ripe for disposition. After reviewing the record, I grant the United States' motion to dismiss and dismiss the complaint as untimely filed.

I.

On September 26, 2003, the United States District Court for the Eastern District of Virginia convicted Spivey of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3), and sentenced him to 110 months of incarceration. Nearly four years later, on August 10, 2007, the United States District Court for the Eastern District of Virginia vacated Spivey's 2003 conviction and sentence. While incarcerated at the United States Penitentiary in Lee County, Virginia ("USP Lee"), on August 15, 2007, Spivey received the order vacating his criminal conviction and sentence, and on August 20, 2007, Spivey spoke with a BOP employee about the order. Spivey states that he told the employee that his conviction from 2003 had been vacated, showed her the order, and asked whether it meant that he could go to Pennsylvania to serve an outstanding state sentence. Spivey states that the BOP employee told

him that he could not go to Pennsylvania because he was "not finished with the feds" and he had a "parole violation to deal with before going to any detainers." In August 2008 and over the course of the next three years, Spivey was transferred from USP Lee to federal facilities in Kentucky, Oklahoma, California, Illinois, and Indiana.

Spivey alleges that on March 11, 2011, he received a "Sentence Monitoring Computation Data" report that showed he was serving the federal sentence that had been imposed in 2003 and vacated in 2007. The report, which Spivey attaches to his complaint, also lists three detainers pending against Spivey when his conviction was vacated: 1) a detainer lodged on January 26, 2004, by Maryland for first degree murder, 2) a detainer lodged on February 26, 2004, by the U.S. Parole Commission (the "Commission") for a parole violation, and 3) a detainer lodged on January 16, 2007, by Pennsylvania for first degree murder. Shortly after receiving the report, Spivey filed grievances concerning his detention, and on April 13, 2011, Spivey refused to submit to mandatory DNA sampling because he felt BOP employees were ignoring his claim that his "sentence [wa]s inaccurate." The next day, Spivey was transferred from BOP custody to state custody on one of his outstanding detainers.

Nearly sixteen months later, on August 12, 2012, Spivey filed an administrative claim with the BOP, alleging that he had been falsely imprisoned. On March 6, 2013, Spivey's administrative claim was denied with an explanation that "[i]nvestigation of [Spivey's] claim did not reveal [that he] suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment." The BOP denied Spivey's request for reconsideration on September 19, 2013, and Spivey commenced this action within six months thereafter.

## II.

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). However, the FTCA "effects a limited waiver of the United States' sovereign immunity for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Welch, 409 F.3d at 651 (quoting 28 U.S.C. § 1346(b)(1)). A plaintiff may bring a cause of action against the government under the FTCA "only if [he] would also have a cause of action under state law against a private person in like circumstances." Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991) (citing 28 U.S.C. § 1346(b) and Corrigan v. United States, 815 F.2d 954, 955 (4th Cir. 1987)). While state law "determines whether there is an underlying cause of action . . . federal law defines the limitations period and determines when that cause of action accrued." Miller, 932 F.2d at 303 (citing Washington v. United States, 769 F.2d 1436, 1437-38 (9th Cir. 1985)). An FTCA "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401. A cause of action under the FTCA accrues "when the plaintiff knows, or in the exercise of due diligence should have known, that he is injured and of the cause of the injury." Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (citing United States v. Kubrick, 444 U.S. 111, 120 (1979), and Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 742 (4th Cir. 1990)).

Sprivey has sued for false imprisonment, and the accrual date for this tort begins to run when the plaintiff had "a complete and present cause of action"— that is, when he could "file suit and obtain relief." Wallace v. Kato, 549 U.S. 384, 388 (2007) (internal quotation marks omitted). The government argues that Spivey's claim accrued on August 20, 2007, when Spivey

3

knew that the district court vacated his 2003 conviction and sentence, and Spivey argues that his claim accrued on March 11, 2011, when he received the "Sentence Monitoring Computation Data" report showing that he was still serving the vacated sentence.

The detainer lodged on February 26, 2004, by the Commission was pending when Spivey's federal sentence was vacated on August 10, 2007. However, the detainer's accompanying memorandum stated:

> If the parolee [Spivey] is already in the custody of federal, state, or local authorities, do not execute this warrant. Place a detainer and notify the Commission for further instructions. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed.

Consequently, the Commission's detainer had no ability to extend Spivey's confinement in the BOP once his federal sentence was vacated because Spivey had outstanding detainers for criminal warrants from Maryland and Pennsylvania. Accordingly, Spivey had an actionable claim of false imprisonment under Virginia law on August 20, 2007, when his federal sentence was vacated and he was to be released to state officials. See, e.g., Montgomery Ward & Co. v. Wickline, 188 Va. 485, 489, 50 S.E.2d 387, 388 (1948) ("False imprisonment is restraint of one's liberty without any sufficient legal excuse therefor by word or acts which he fears to disregard, and neither malice, ill will, nor the slightest wrongful intention is necessary to constitute the offense.").

Because more than two years have passed between when the action accrued and when Spivey commenced this action, the complaint was untimely filed, and the court finds no basis to equitably toll the limitations period. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (noting equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result" (internal quotation marks

4

omitted)); see, e.g., United States v. Kwai Fun Wong, __ U.S. __, 135 S. Ct. 1625 (2014). Nothing in the record supports the claim that Spivey was "pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010); see, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Indeed, Spivey fails to adequately explain his failure to pursue administrative remedies for three years, regardless to his transfers among federal facilities. See 28 C.F.R. § 542.10, et seq. (describing the BOP's Administrative Remedy Program). Although Spivey attaches copies of communications from BOP staff, asking Commission officials to double check the veracity of the Commission's explicit, routine intention that its warrants be secondary to all other criminal warrants, these communications have no impact on the date of accrual. Accordingly, the complaint must be dismissed as untimely filed.

## III.

For the foregoing reasons, the United States' motion to dismiss is granted.

Entered: June 5, 2015

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

5